·(96 App. Div. 293.)

### PEOPLE v. NOBLETT.

(Supreme Court, Appellate Division, First Department.  July 13, 1904.)

1. FALSE PRETENSES—EVIDENCE.

In a prosecution for obtaining money by false pretenses, consisting of representations by defendant as to his financial standing, and the exhibition of a statement purporting to be a correct account of the profits of his business during a certain year, testimony as to similar representations to other persons, and the procurement of sums of money from them during the year previous to the transaction charged in the indictment, was admissible to show either that the statement of account which included these sums as profits was false, or that defendant's statement as to his financial ability was false.

2. TRIAL—EVIDENCE—RE-EXAMINATION—SCOPE.

In a prosecution for obtaining money under false pretenses, where testimony as to a distinct transaction by which money was obtained from the complaining witness, was first brought out on cross-examination of

¶ 1. See False Pretenses, vol. 23, Cent. Dig. § 57.

such witness, it was proper for the state on re-examination to bring out further testimony relating thereto.

3. SAME—INSTRUCTIONS—MOTION OF WITNESS.

 A charge that in estimating the value of the testimony of a certain witness the jury should consider that he had a strong motive to testify, in that he had civil suits pending against defendant, in which he and defendant would probably be witnesses, was properly refused, as the court could not as a matter of law, instruct the jury that witness had a "strong" motive to testify, nor could it assume that defendant would be a witness in the civil suits.

Appeal from Court of Special Sessions, New York County.

E. Arden Noblett was convicted of grand larceny in the first degree, and appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

G. W. Hurlbut, for appellant.

Howard S. Gans, for the People.

McLAUGHLIN, J. The defendant appeals from a judgment convicting him of the crime of grand larceny in the first degree. The indictment upon which the conviction was obtained charged, in substance, that for the purpose of inducing one Watson to purchase a half interest in the defendant's business he falsely and fraudulently represented that he then was, and for more than a year prior thereto had been, engaged in business as a banker and broker, dealing in investment securities—stocks, bonds, real estate, etc.—the net profits of which during the year 1898 had been upwards of $40,000, and that a written statement which he then and there produced was a correct account of the receipts and disbursements of such business for that time; that he was then worth $200,000 over and above all debts and liabilities, and that he had never had a judgment against him in his life; that Watson, relying upon these representations, and believing them to be true, purchased a half interest in said business, paying $10,000 therefor. The evidence adduced at the trial was sufficient to justify the jury in finding that the defendant was guilty of the crime charged in the indictment, but it is claimed that errors were committed upon the trial which necessitate a reversal of the judgment. What is claimed in this respect is that the court erred in permitting testimony to be received, against the defendant's objection, to the effect that he had obtained money during the year preceding the time Watson was induced to purchase a half interest in his business from other persons by making similar representations to them as to the profits of his business, or other false statements, and also that the trial judge erred in refusing to instruct the jury as requested.

1. We do not think the court erred in admitting the testimony of which the defendant's counsel complains. In the brief presented by him it is urged that error was committed in permitting Karl L. Oliver, Edward S. Pratt, Robert B. McCormick, and John Watson to testify as to the transactions had with them, respectively, by which the defendant obtained $3,000 from Oliver, $7,500 from Pratt, $1,000 from McCormick, and $5,000 from Watson. The testimony of these witnesses was

admissible, if not for the purpose of showing similar transactions, then certainly as showing that the statement which the defendant exhibited to Watson, and which he said represented the profits of his business, was false, because there was included therein all or some portion of the money obtained from each of these persons. The same is equally true as to the testimony showing the amount which he received from Serafian and De Chappelles. The testimony as to these transactions tended to show either that the statement referred to was false, or else the defendant's statement as to his financial ability was false.

The defendant's counsel also alleges that error was committed in permitting the people to show that the defendant obtained $7,000 in money from the complaining witness subsequent to the alleged commission of the crime charged in the indictment, but he overlooks the fact that the first testimony bearing on this subject was called out on cross-examination of the complaining witness, and the other testimony relating thereto was a proper subject of re-examination.

2. The court did not err in refusing to charge the jury that: "In estimating the value of the testimony of Watson (Edward H. Watson) they should consider that he has a motive to testify; a strong motive, in that he has a civil suit—two civil suits—pending against the defendant, in which he will probably be a witness and the defendant will be also a witness." It will be observed that the request is not to charge that the witness had a strong motive to testify untruly or adversely, but that he had a strong motive to testify, whatever this may mean. But if it be assumed that it was to testify untruly or adversely to the defendant, the request was bad, because the court could not, as a matter of law, instruct the jury that he had a strong motive, nor could it be assumed that the defendant would be a witness in the civil actions. Not only this, but the court had in the main charge correctly charged the jury upon the subject.

The defendant had a fair trial, the evidence justified a verdict of guilty, and after a consideration of the record, we do not find any errors which call for a reversal of the judgment.

The judgment appealed from, therefore, must be affirmed. All concur.